UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br>　　　　Petitioner,<br>　　v.<br>P. SULLIVAN,<br>　　　　Respondent. | Case No. 18-cv-06351-EMC<br><br>**ORDER DENYING MOTIONS TO AMEND AND DENYING REQUEST FOR COUNSEL**<br><br>Docket Nos. 10, 11, 12, 13 |

James Carl Kelly, a prisoner currently incarcerated at Salinas Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the action because Mr. Kelly's petition for writ of habeas corpus did not concern his conviction or sentence and instead complained about the medical care he received at the prison. Docket No. 5. In dismissing the action, the Court explained that the "dismissal is without prejudice to Mr. Kelly filing a new civil rights action asserting his challenges to his medical care in prison." *Id.* at 2.

Rather than filing a new civil rights action as instructed, Mr. Kelly has filed three motions for leave to file an amended complaint regarding his medical care. Plaintiff's motions for leave to file an amended complaint are **DENIED**. Docket Nos. 10, 11, 12. As the Court explained in dismissing this action, Mr. Kelly can file a new civil rights action to complain about his medical care. He cannot, however, present his medical care claims in this habeas action. If he wants to file a new action, Mr. Kelly should use the Court's form civil rights complaint to allege his claim(s) and then submit that complaint with the filing fee or a completed *in forma pauperis* application. (The forms will be sent to him with this order.) Mr. Kelly should *not* write the case number for this case on the complaint because a new case number will be assigned when the complaint is filed.

Mr. Kelly also has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action because it is a closed action in which there is no possibility of habeas relief. Mr. Kelly's request for appointment of counsel is **DENIED**. Docket No. 13.

Mr. Kelly should not file any more documents in this action because it has been closed.

The clerk will mail to Mr. Kelly a copy of the civil rights complaint form and a copy of the *in forma pauperis* application.

**IT IS SO ORDERED**.

Dated: April 17, 2019

_____
EDWARD M. CHEN
United States District Judge